# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JON C. CALDARA;
BOULDER RIFLE CLUB, INC., a Colorado nonprofit corporation;
GENERAL COMMERCE, LLC, d/b/a Bison Tactical, a Wyoming limited liability company; and
TYLER FAYE,

Plaintiffs,

v.

CITY OF BOULDER, a Colorado home rule municipality;
JANE S. BRAUTIGAM, City Manager of the City of Boulder, in her official capacity;
GREGORY TESTA, Chief of Police of the City of Boulder, in his official capacity;
SUZANNE JONES, Mayor of the City of Boulder, in her official capacity;
AARON BROCKETT, Mayor Pro Tem of the City of Boulder, in his official capacity;
CYNTHIA A. CARLISLE, Boulder City Council Member, in her official capacity;
LISA MORZEL, Boulder City Council Member, in her official capacity;
MIRABAI KUK NAGLE, Boulder City Council Member, in her official capacity;
SAMUEL P. WEAVER, Boulder City Council Member, in his official capacity;
ROBERT YATES, Boulder City Council Member, in his official capacity;
MARY D. YOUNG, Boulder City Council Member, in her official capacity;
JILL ADLER GRANO, Boulder City Council Member, in her official capacity; and
J. DOES 1–10,

Defendants.

---

# COMPLAINT

---

Plaintiffs, Jon C. Caldara ("Caldara"); Boulder Rifle Club, Inc. (the "Club"); General

Commerce, LLC, d/b/a Bison Tactical ("Bison Tactical"); and Tyler Faye ("Faye"), by and

through their attorneys, Mountain States Legal Foundation, by Cody J. Wisniewski and Sean P.

Smith, hereby bring this action against Defendants, City of Boulder ("Boulder"); Jane S.

Brautigam, City Manager of the City of Boulder, in her official capacity ("Brautigam"); Gregory

Testa, Chief of Police of the City of Boulder, in his official capacity ("Testa"); Suzanne Jones, Mayor of the City of Boulder, in her official capacity ("Jones"); Aaron Brockett, Mayor Pro Tem of the City of Boulder, in his official capacity ("Brockett"); Cynthia A. Carlisle, Boulder City Council Member, in her official capacity ("Carlisle"); Lisa Morzel, Boulder City Council Member, in her official capacity ("Morzel"); Mirabai Kuk Nagel, Boulder City Council Member, in her official capacity ("Nagle"); Samuel P. Weaver, Boulder City Council Member, in his official capacity ("Weaver"); Robert Yates, Boulder City Council Member, in his official capacity ("Yates"); Mary D. Young, Boulder City Council Member, in her official capacity ("Young"); Jill Adler Grano, Boulder City Council Member, in her official capacity ("Grano"); and J. Does 1–10 (collectively "Defendants"), and make the following allegations:

## INTRODUCTION

1.      On May 15, 2018, the Boulder City Council voted 9–0 to approve Ordinance 8245, banning some of the most popular firearms and magazines in use by law-abiding citizens across the United States.  In addition, Ordinance 8245 raised the age for legal firearm purchase and possession from eighteen to twenty-one years of age.  Upon passage, Ordinance 8245 immediately became law in the City of Boulder, thereby infringing upon the rights of all of Boulder's 108,707 residents.

2.      Ordinance 8245 and the actions of Defendants violate multiple provisions of the U.S. Constitution, including Article VI, the First Amendment, the Second Amendment, the Fifth Amendment, and the Fourteenth Amendment.

3.      Ordinance 8245 and the actions of Defendants violate multiple provisions of the Colorado State Constitution, including Article 2, section 3 and Article 2, section 13.

4.      Ordinance 8245 and the actions of Defendants violate multiple Colorado State Statutes, including C.R.S. §§ 29-11.7-102 and 29-11.7-103.

5.      Plaintiffs intend and desire to continue to acquire, possess, use, sell, and/or transfer the lawfully-owned, constitutionally-protected firearms and magazines that are banned by Ordinance 8245, but justifiably fear punishment if they do.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because a majority of Plaintiffs' claims arise under the Constitution of the United States of America, thus raising multiple federal questions.

7.      This Court has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 because this action seeks redress for the deprivation of constitutionally protected rights by those acting under color of state and municipal law.

8.      This Court has jurisdiction to grant the declaratory relief sought, pursuant to 18 U.S.C. § 2201, and additional relief pursuant to 18 U.S.C. § 2202.

9.      This Court has jurisdiction over Plaintiffs' claims for attorneys' fees pursuant to 42 U.S.C. § 1988.

10.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

I.      **Plaintiffs**

11.      Plaintiff Jon C. Caldara is a resident of the City of Boulder, Colorado, and a law-abiding citizen of the United States.  Caldara currently owns one or more firearms, in compliance

with state and federal law, that are banned under Ordinance 8245, one or more of which he has owned for an extended period of time.

12.     Caldara owns one or more magazines that are capable of accepting more than 10 rounds, in compliance with federal and state law, that are banned under Ordinance 8245, one or more of which he has owned for an extended period of time.

13.     Caldara is not an "exempt party" as defined in Ordinance 8245.

14.     Caldara intends to continue possessing his lawfully owned property, to acquire additional property implicated by Ordinance 8245, and to devise or transfer his lawfully owned property to his children or others.  But for Boulder's restrictions on certain types of firearms and magazines, Caldara would continue possessing his lawfully-owned property, acquiring property that is banned by Ordinance 8245, and devising or otherwise transferring it to his children or others.

15.     Plaintiff Boulder Rifle Club, Inc. is a Colorado nonprofit corporation and donor-supported organization, qualified as tax-exempt under 26 U.S.C. § 501(c)(4), with its headquarters located in Boulder, Colorado.  The Club incorporated in the State of Colorado in 1961 but was organized in 1923 as the successor to the Boulder Gun Club, which was in existence prior to 1889.

16.      The Club is dedicated to education regarding, and in promotion of, the shooting sports among citizens of the Boulder-area community.

17.     The Club promotes marksmanship, safe handling, and proper care of firearms.  The Club also promotes tolerance, inclusion, fellowship, self-discipline, team play, and self-reliance.

18.     The Club, by its bylaws, is required to actively support the constitutional right of all of its members to keep and bear arms.

19.     The Club regularly provides, through its classes, information about Colorado state laws as they relate to personal defense and responsible gun ownership.

20.     In this suit, the Club represents both itself, as an organization, and the interests of its members.

21.     Specifically, the Club has expended, and will continue to expend, resources by researching, evaluating, and preparing for the effects of Ordinance 8245.  Additionally, the Club has expended, and will continue to expend, resources in communicating with Club members and other members of the community about their rights under, and the effects of, Ordinance 8245.  But for Boulder City Council's passage of Ordinance 8245, the Club could have dedicated these resources to other, meaningful and valuable projects regarding Club business.

22.     The Club also represents its hundreds of members, who reside in Colorado, including within Boulder city limits, and who are too numerous to conveniently bring this action individually.  The Club represents the interests of those members who are affected by Ordinance 8245.  Those members intend to continue possessing their lawfully owned property, to acquire additional property banned by Ordinance 8245, and to devise and/or transfer their lawfully owned property to their children or other parties.  But for Boulder's restrictions on certain types of firearms and magazines, those members would continue possessing their lawfully owned property, acquiring property that is banned by Ordinance 8245, and devising or otherwise transferring it to their children or other parties.

23.     Plaintiff General Commerce, LLC, d/b/a Bison Tactical, is a Wyoming limited liability company registered to do business in the State of Colorado, with its principal place of business in the City of Boulder, Colorado.

24.     Bison Tactical purchases, owns, sells, and transfers firearms and magazines that are banned under Ordinance 8245.

25.    Bison Tactical intends to continue possessing its lawfully owned property, acquiring additional property banned by Ordinance 8245, and selling and/or transferring its lawfully acquired property to its customers.  But for Boulder's restrictions on the ownership, purchase, sale, and transfer of certain types of firearms and magazines, Bison Tactical would continue possessing its lawfully owned property, acquiring property banned by Ordinance 8245, and selling or otherwise transferring that property to interested, non-exempt parties.

26.    Plaintiff Tyler Faye is a resident of the City of Boulder, Colorado, is a law-abiding citizen of the United States, and is twenty (20) years of age.

27.    Faye currently owns one or more firearms, in compliance with state and federal law, that are banned under Ordinance 8245.

28.    Faye currently owns one or more firearms, in compliance with state and federal law, that are not banned under Ordinance 8245, but that Faye is barred from possessing due to his age, one or more of which he has lawfully owned for an extended period of time and which he regularly uses in competitive shooting events.

29.    Faye currently owns one or more magazines that are capable of accepting more than 10 rounds, in compliance with federal and state law, that are banned under Ordinance 8245, one or more of which he has lawfully owned for an extended period of time.

30.    Faye is not an "exempt party" as defined in Ordinance 8245.

31.    Faye intends to continue possessing his lawfully owned property, to acquire additional property banned by Ordinance 8245, and to devise or transfer his lawfully owned property to his relatives or other interested parties.  But for Boulder's restrictions on certain types of firearms and magazines, Faye would continue possessing his lawfully owned property,

acquiring property banned by Ordinance 8245, and devising or otherwise transferring that property to his relatives or other interested parties.

32.     Faye intends to continue possessing his lawfully owned property, that is not banned under Ordinance 8245, but that Faye is barred from possessing due to his age, to acquire additional such property, and to devise or transfer his lawfully owned property to his relatives or other interested parties.  But for Boulder's restrictions on all firearms and magazines based on age, Faye would continue possessing his lawfully owned property, acquiring property banned by Ordinance 8245, and devising or otherwise transferring that property to his relatives or other interested parties.

## II.     Defendants

33.     Defendant City of Boulder is a home rule municipality located in the State of Colorado.

34.     Boulder has a city code, the Boulder Revised Code, which contains all of its municipal ordinances.

35.     The Boulder Revised Code provides a penalty for each individual violation of the code, including violations of the provisions of Ordinance 8245, consisting of fines of up to $1,000, and incarceration for up to ninety (90) days.

36.     The Boulder Revised Code, as amended by the passage of Ordinance 8245, contains provisions that violate the U.S. Constitution, the Constitution of the State of Colorado, and Colorado state statutes.

37.     Defendant Jane S. Brautigam is the City Manager of the City of Boulder.  The City Manager is the chief executive and administrative officer of the City of Boulder. Brautigam's

duties include overseeing the enforcement of all city ordinances.  Brautigam is being sued in her official capacity.

38.     Defendant Gregory Testa is the Chief of Police for the City of Boulder.  Testa is the chief law enforcement officer of the City of Boulder.  Testa has direct supervision over all law enforcement officers in the City of Boulder in all matters pertaining to their official duties.  Testa is being sued in his official capacity.

39.     Defendant Suzanne Jones is the Mayor of the City of Boulder and sits on the Boulder City Council as a voting member.

40.     Jones, under color of state and municipal law, voted in favor of passing Ordinance 8245, thereby violating the constitutionally protected rights of the Plaintiffs.

41.     Jones is being sued in her official capacity.

42.     Defendant Aaron Brockett is the Mayor Pro Tem of the City of Boulder and sits on the Boulder City Council as a voting member.

43.     Brockett, under color of state and municipal law, voted in favor of passing Ordinance 8245, thereby violating the constitutionally protected rights of the Plaintiffs.

44.     Brockett is being sued in his official capacity.

45.     Defendant Cynthia A. Carlisle is a member of the Boulder City Council and sits thereon as a voting member.

46.     Carlisle, under color of state and municipal law, voted in favor of passing Ordinance 8245, thereby violating the constitutionally protected rights of the Plaintiffs.

47.     Carlisle is being sued in her official capacity.

48.     Defendant Lisa Morzel is a member of the Boulder City Council and sits thereon as a voting member.

49.     Morzel, under color of state and municipal law, voted in favor of passing Ordinance 8245, thereby violating the constitutionally protected rights of the Plaintiffs.

50.     Morzel is being sued in her official capacity.

51.     Defendant Mirabai Kuk Nagle is a member of the Boulder City Council and sits thereon as a voting member.

52.     Nagle, under color of state and municipal law, voted in favor of passing Ordinance 8245, thereby violating the constitutionally protected rights of the Plaintiffs.

53.     Nagle is being sued in her official capacity.

54.     Defendant Samuel P. Weaver is a member of the Boulder City Council and sits thereon as a voting member.

55.     Weaver, under color of state and municipal law, voted in favor of passing Ordinance 8245, thereby violating the constitutionally protected rights of the Plaintiffs.

56.     Weaver is being sued in his official capacity.

57.     Defendant Robert Yates is a member of the Boulder City Council and sits thereon as a voting member.

58.     Yates, under color of state and municipal law, voted in favor of passing Ordinance 8245, thereby violating the constitutionally protected rights of the Plaintiffs.

59.     Yates is being sued in his official capacity.

60.     Defendant Mary D. Young is a member of the Boulder City Council and sits thereon as a voting member.

61.     Young, under color of state and municipal law, voted in favor of passing Ordinance 8245, thereby violating the constitutionally protected rights of the Plaintiffs.

62.     Young is being sued in her official capacity.

63.     Defendant Jill Adler Grano is a member of the Boulder City Council and sits thereon as a voting member.

64.     Grano, under color of state and municipal law, voted in favor of passing ordinance 8245, thereby violating the constitutionally protected rights of the Plaintiffs.

65.     Grano is being sued in her official capacity

66.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as J. Does 1–10 are presently unknown to Plaintiffs and are therefore sued under these fictitious names.  Plaintiffs will seek leave from the Court to amend this Complaint at the appropriate time to show the true names and capacities of these Defendants, if and when they have been ascertained.

67.     Defendants are responsible for formulating, executing, administering, and enforcing Boulder's restrictions on firearms, which are at issue herein.

68.     Defendants are currently and/or are presently able to enforce Boulder's restrictions on firearms under color of state law within the meaning of 42 U.S.C. § 1983.

69.     Defendants are responsible for formulating, executing, administering, and enforcing Boulder's restrictions on magazines, which are at issue herein.

70.     Defendants are currently and/or are presently able to enforce Boulder's restrictions on magazines under color of state law within the meaning of 42 U.S.C. § 1983.

71.     Defendants are responsible for formulating, executing, administering, and enforcing Boulder's restrictions on firearm possession and ownership based on age, which are at issue in this lawsuit.

72.     Defendants are currently and/or are presently able to enforce Boulder's restrictions on firearm possession and ownership based on age under color of state law within the meaning of 42 U.S.C. § 1983.

## FACTS COMMON TO ALL COUNTS

I.      **The Constitution of the United States of America**

   a.      **The Right to Keep and Bear Arms**

73.     The right of self-defense is an unalienable, natural, and fundamental right.

74.     The Second Amendment to the United States Constitution memorializes the right of self-defense.

75.     The Second Amendment provides as follows: "A well-regulated militia, being necessary to the security of a free State, the right to keep and bear arms *shall not be infringed*." U.S. CONST. Amend. II (emphasis added).

76.     The language of the Second Amendment is clear and unambiguous.

77.     The Second Amendment applies to the states via the Supremacy Clause.  U.S. CONST. Art. VI, cl. 2.

78.     The Supremacy Clause provides, in relevant part, as follows:

This *Constitution*, and the Laws of the United States which shall be made *in Pursuance thereof*; and all Treaties made, or which shall be made, under the Authority of the United States, shall be *the supreme Law of the Land*; and the Judges in *every State shall be bound thereby*, *any* Thing in the Constitution or *Laws of any State to the Contrary notwithstanding*.

U.S. CONST. Art. VI, cl. 2 (emphasis added).

79.     Current U.S. law defines the militia as able-bodied men older than 17 years of age, but under 45 years of age.  10 U.S.C. § 246(a).

80.     The militia, as defined in 10 U.S.C. § 246(a), is the same militia referenced in the Second Amendment.

81.     The "Arms" referenced in and protected by the Second Amendment are those "typically possessed by law-abiding citizens for lawful purposes." *District of Columbia v. Heller*, 544 U.S. 570, 624–25 (2008); *McDonald v. City of Chicago*, 561 U.S. 742, 767 (2010).

82.     The Second Amendment "extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of founding." *Heller*, 544 U.S. at 582.

83.     Self-defense is "the *central component*" of the Second Amendment.  *Heller*, 544 U.S. at 599 (emphasis in original).

84.     The "prohibition of an entire class of 'arms' that is overwhelmingly chosen by American society for [the] lawful purpose" of self-defense is unconstitutional, especially when that prohibition extends "to the home, where the need for defense of self, family, and property is most acute." *Heller*, 544 U.S. at 628.

85.     The Second Amendment applies "with full force to both the Federal Government and the States," through incorporation under the Due Process Clause of the Fourteenth Amendment.  *McDonald*, 561 U.S. at 742, 750.

86.     The right to keep and bear arms, protected by the Second Amendment, also applies to the states via the Privileges or Immunities Clause of the Fourteenth Amendment.  *McDonald*, 561 U.S. at 806 (Thomas, C. concurring).  "[T]he right to keep and bear arms is a privilege of

American citizenship that applies to the States thought the Fourteenth Amendment's Privileges or Immunities Clause." *Id*.

87.    The Second Amendment protects firearms in "common use," which "could contribute to the common defense." *United States v. Miller*, 307 U.S. 174, 178–179 (1939).

88.    Detachable magazines are an integral part of "Arms," and thus, are protected by the Second Amendment.

89.    Detachable magazines are typically possessed by law-abiding citizens for lawful purposes, such as self-defense.

90.    Detachable magazines are in common use and contribute to the common defense.

**b.    The Due Process Clause**

91.    The Due Process Clause of the Fifth Amendment provides as follows: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. Amend. V.

92.    The Due Process Clause of the Fourteenth Amendment provides as follows: "[N]or shall any State deprive any person of life, liberty, or property without due process of law." U.S. CONST. Amend. XIV.

93.    "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

94.    An action by the government that deprives an individual of their property rights arbitrarily or irrationally, without furthering a legitimate government interest, is a violation of the Due Process Clause.

95.    Regulations that retroactively make lawful actions or conduct unlawful after the fact are especially likely to violate the Due Process Clause. *E. Enterprs. v. Apfel*, 524 U.S. 498,

548–49 (Kennedy, J., concurring in part and dissenting in part). "If retroactive laws change the legal consequences of transactions long closed, the change can destroy the reasonable certainty and security which are the very objects of property ownership. As a consequence, due process protection for property must be understood to incorporate our settled tradition against retroactive laws of great severity." *Id.*

c.      **The Takings Clause**

96.      The Takings Clause of the Fifth Amendment provides as follows: ". . . nor shall private property be take for public use, without just compensation." U.S. CONST. Amend. V.

97.      There are two major categories of takings—physical and regulatory.

98.      "When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 322 (2002). This applies to both real and personal property. *See Horne v. Dept. of Agriculture*, 135 S. Ct. 2419, 2427 (2015).

99.      A government requiring a law-abiding citizen to surrender legally acquired and possessed property constitutes a taking.

100.      When a government regulation "interferes with legitimate property interests," there is a high likelihood the regulation constitutes a taking, for which the governmental entity must provide compensation. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 540 (2005) (citing *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104 (1978)).

101.      The complete elimination of private property's total value constitutes a taking. *Lucas v. South Carolina Costal Council*, 505 U.S. 1003, 1017 (1992) ("[T]otal deprivation of beneficial use is, from the landowner's point of view, the equivalent of a physical appropriation.").

102.    The right to devise property is a valuable stick in the bundle that is property rights and has been since feudal times. *Hodel v. Irving*, 481 U.S. 704, 718 (1987). "[C]omplete abolition of both the descent and devise of a particular class of property may be a taking." *Id.*, 481 U.S. 704, 718 (1987).

d.      **The Equal Protection Clause**

103.    The Equal Protection Clause of the Fourteenth Amendment provides as follows: "No State shall . . . deny any person within its jurisdiction the equal protection of the laws." U.S. CONST. Amend. XIV.

104.    Treating one class of persons differently than another similar class constitutes a violation of the Equal Protection Clause.

105.    Interfering with the exercise of fundamental rights and liberties protected by the Constitution, in a discriminatory manner, constitutes a violation of the Equal Protection Clause. *San Antonio Independent School Dist. v. Rodriquez*, 411 U.S. 1, 37–38 (1973).

106.    At eighteen years of age, a United States citizen can: vote in a federal election, join the U.S. military without guardian permission, and die in combat for his or her country.

107.    At eighteen years of age, a United States citizen can purchase a firearm.

108.    At eighteen years of age, a Colorado resident can, among other things, vote in a state election, enter into a legally binding contract, manage an estate, and purchase tobacco and tobacco products.

109.    At eighteen years of age a Colorado resident can purchase a firearm.

110.    The minimum age to vote in a Boulder municipal election is eighteen years old.

111.    Denying adults their fundamental, constitutionally protected rights, on a discriminatory basis, violates the Equal Protection Clause.

### e.      The First Amendment

112.    The First Amendment provides as follows: "Congress shall make no law . . . abridging the freedom of speech."  U.S. CONST. Amend. I.

113.    The First Amendment applies to the various States through incorporation under the Due Process Clause of the Fourteenth Amendment.

114.    The First Amendment prohibits the government from infringing upon the freedom of speech of persons within the jurisdiction of the United States, including U.S. citizens.

115.    A government forcing a citizen to speak a particular message is a violation of the freedom of speech. *Wooley v. Maynard*, 430 U.S. 705, 713 (1977).

116.    Requiring a person to provide the government with sensitive personal information regarding a constitutionally protected right constitutes a violation of the person's freedom of speech.

### f.      The Privileges or Immunities Clause

117.    The Privileges or Immunities Clause of the Fourteenth Amendment provides as follows: "No State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States."  U.S. CONST. Amend. XIV.

118.    In addition to be an unalienable, natural, and fundamental right, the right to keep and bear arms is a privilege of United States citizenship.

119.    A deprivation of the privilege of the right to keep and bear arms violates the Privileges or Immunities Clause of the Fourteenth Amendment.

//

//

//

## II.    The Constitution of the State of Colorado

### a.    The Right to Bear Arms

120.    "The right of no person to keep and bear arms in defense of his home, person and property, or in aid of the civil power when thereto legally summoned, shall be called in question . . .." COLO. CONST. Art. 2, § 13.

121.    The right to keep and bear arms memorialized in the Colorado Constitution is clear and unambiguous.

122.    The Colorado Constitution was adopted pursuant to the Enabling Act of 1875, which required the state constitution to "not be repugnant to the constitution [*sic*] of the United States and the principles of the declaration of independence [*sic*]." Enabling Act of 1875, 18 Stat. 474 (1875).

123.    The right to keep and bear arms protected by the Colorado Constitution is the same unalienable, natural, and fundamental right protected by the Second Amendment of the U.S. Constitution—the right to self-defense.

124.    The right to keep and bear arms protected by the Colorado Constitution applies to arms that are typically possessed by lawful citizens for lawful purposes, one of which is self-defense.

125.    The right to keep and bear arms protected by the Colorado Constitution applies to arms in "common use," and that can contribute to the "common defense."

### b.    "Inalienable" Rights

126.    "All persons have certain natural, essential and inalienable rights, among which may be reckoned the *right of enjoying and defending their lives and liberties*; of acquiring,

possessing and *protecting property*; and of seeking and obtaining their safety and happiness."

COLO. CONST. Art 2, § 3 (emphasis added).

127.    Article 2, section 3 of the Colorado Constitution is clear and unambiguous.

128.    The Colorado Constitution was adopted pursuant to the Enabling Act of 1875, which required the state constitution to "not be repugnant to the constitution [*sic*] of the United States and the principles of the declaration of independence [*sic*] Enabling Act of 1875, 18 Stat. 474 (1875).

129.    Two of the "inalienable rights" protected by the Colorado Constitution are the right to self-defense and the right to defend one's property.

130.    Both the right of self-defense and the right to defend one's property, in addition to being protected by the Colorado Constitution, are also protected by the Second Amendment.

131.    The right of self-defense and the right to defend one's property protect the right of Colorado residents to use the common tools of the time to effectuate that defense.

**III.    Colorado State Statutes**

**a.    Colorado Revised Statute § 29-11.7-102**

132.    C.R.S. § 29-11.7-102 ("Colorado Registration Prohibition") states as follows:

"A local government, including a law enforcement agency, shall not maintain a list or other form of record or database of:

(a)    Persons who purchase or exchange firearms or who leave firearms for repair or sale on consignment;

(b)    Persons who transfer firearms, unless the persons are federally licensed firearms dealers;

(c)    The descriptions, including serial numbers, of firearms purchased, transferred, exchanged, or left for repair or sale on consignment."

133.    The Colorado Registration Prohibition is clear and unambiguous.

134.    The Colorado Registration Prohibition prohibits a municipality or law enforcement agency from maintaining any list or form of record that could be used to identify firearms in the possession of Colorado citizens.

135.    Any record maintained by a municipality in conjunction with the ownership of a particular firearm by a Colorado resident would constitute a violation of the Colorado Registration Prohibition.

136.    A receipt that indicates a payment, the payee, and the form of payment constitutes a record.  A series of such receipts constitutes a list.

137.    A record resulting from a background check on a Colorado resident constitutes a record.  A series of such records constitutes a list.

**b.      Colorado Revised Statute § 29-11.7-103**

138.    C.R.S. § 29-11.7-103 ("Colorado Preemption Statute") provides as follows: "A local government may not enact an ordinance, regulation, or other law that prohibits the sale, purchase, or possession of a firearm that a person may lawfully sell, purchase, or possess *under state or federal law*."  (emphasis added).

139.    The Colorado Preemption Statute is clear and unambiguous.

140.    The Colorado Preemption Statute specifically prohibits a municipality from enacting any ordinance that prohibits the sale, purchase, or possession of a lawfully sold, purchased, or possessed firearm under either state or federal law.

141.    The Colorado Preemption Statute, by its clear an unambiguous language, does not require the subject matter of the ordinance to be occupied by state or federal law.

142.     If a firearm can be legally sold, purchased, or possessed under federal law, a municipality cannot enact an ordinance prohibiting the sale, purchase, or possession of that firearm.

143.     If a magazine can be legally sold, purchased, or possessed under federal law, a municipality cannot enact an ordinance prohibiting the sale, purchase, or possession of that firearm.

144.     If a firearm can be legally sold, purchased, or possessed under Colorado State law, a municipality cannot enact an ordinance prohibiting the sale, purchase, or possession of that firearm.

145.     If a magazine can be legally sold, purchased, or possessed under Colorado State law, a municipality cannot enact an ordinance prohibiting the sale, purchase, or possession of that firearm.

IV.     **Boulder City Council Ordinance 8245**

146.     On May 15, 2018, the Boulder City Council members, under color of law, voted by a 9–0 margin in favor of adopting Ordinance 8245 imposing additional firearm restrictions in the City of Boulder and setting forth related details.

147.     Ordinance 8245 went into effect immediately upon passage.

148.     Ordinance 8245 functions as an amendment to Chapter 5 "General Offenses," of the Boulder Revised Code.

149.     Ordinance 8245 redefines the nebulous term "assault weapon" under B.R.C. 1981 § 5-8-2 as follows:

"*Assault weapon* means:

(a)     All semi-automatic center-fire rifles that have the capacity to accept a detachable magazine and that have any of the following characteristics:

     (1)     A pistol grip or thumbhole stock;

     (2)     A folding or telescoping stock; or

     (3)     Any protruding grip or other device to allow the weapon to be stabilized with the non-trigger hand.

(b)     All semi-automatic center-fire pistols that have any of the following characteristics:

     (1)     Have the capacity to accept a magazine other than in the pistol grip; or

     (2)     Have a secondary protruding grip or other device to allow the weapon to be stabilized with the non-trigger hand.

(c)     All semi-automatic shotguns that have any of the following characteristics:

     (1)     A pistol grip or thumbhole stock;

     (2)     Any feature capable of functioning as a protruding grip that can be held by the non-trigger hand;

     (3)     A folding or telescoping stock;

     (4)     A fixed magazine capacity in excess of 5 rounds; or

     (5)     The capacity to accept a detachable magazine.

(d)     Any firearm which has been modified to be operable as an assault weapon as defined herein.

(e)     Any part or combination of parts designed or intended to convert a firearm into an assault weapon, including any combination of parts from which an assault weapon may be readily assembled if those parts are in the possession or under the control of the same person."

150.     On May 1, 2018, Defendant Weaver indicated, at a public council meeting, that the definition contained in B.R.C. 1981 § 5-8-2(c) was provided to the Boulder City Council by the Giffords Law Center to Prevent Gun Violence.

151.     Ordinance 8245 redefines the nebulous term "illegal weapon" in B.R.C. 1981 § 5-8-2 as follows: "an assault weapon, large-capacity magazine, multi-burst trigger activator, blackjack, gas gun, metallic knuckles, gravity knife or switchblade knife."

152.     Ordinance 8245 adds a definition to B.R.C. 1981 § 5-8-2 for the nebulous term "large-capacity magazine," which reads as follows:

"*Large-capacity magazine* means any ammunition feeding device with the capacity to accept more than 10 rounds, but shall not be construed to include any of the following:

(a)     A feeding device that has been permanently altered so that it cannot accommodate more than 10 rounds;

(b)     A 22-caliber tube rim-fire ammunition feeding device;

(c)     A tubular magazine that is contained in a lever-action firearm; or

(d)     A pistol magazine designed to fit into a pistol grip that has a capacity to hold no more than 15 rounds."

153.    Ordinance 8245 redefines a "minor," under Chapter 8 of the code, as "a person under twenty-one years of age."  B.R.C. 1981 § 5-8-2.

154.    Ordinance 8245 adds a definition for the nebulous term "pistol grip," to B.R.C. 1981 § 5-8-2 that reads as follows: "a grip that protrudes beneath the action of the weapon and that allows for a pistol style grasp in which the web of the trigger hand (between the thumb and index finger) can be placed below the top of the exposed portion of the trigger while firing."

155.    Ordinance 8245 adds a definition for the often-misunderstood term "semi-automatic," to B.R.C. 1981 § 5-8-2 that reads as follows: "a firearm that fires a single round for each pull of the trigger and automatically chambers a new round immediately after a round is fired."

156.    Ordinance 8245 amends B.R.C. 1981 § 5-8-10, "Possession and Sale of Illegal Weapons," to read, in relevant part, as follows:

"(a)     No person shall knowingly possess or sell or otherwise transfer an illegal weapon.
. . .
(c)     Nothing in this section shall be construed to forbid any person:

(1)     Holding a Federal Firearms License issued by the United States Government from possession of any firearm authorized pursuant to such license;

(2)     From possessing a weapon for which the United States Government has issued a stamp or permit pursuant to the National Firearms Act;

(3)     From possessing a handgun magazine so long as the possession of the handgun and magazine are in compliance with state law; or

(4)     Selling an illegal weapon to a person identified in Section 5-8-25, "Exemptions from this Chapter," B.R.C. 1981.

(d)     Nothing in this section shall be deemed to apply to any firearm that has been modified either to render it permanently inoperable or to permanently make it not an assault weapon.

. . . ."

157.    Ordinance 8245 amends B.R.C. 1981 § 5-8-25, "Exemptions from Chapter," to read

as follows:

"The following individuals are exempt from the provisions of this Chapter:

(a)     Any officer of the United States, including but not limited to federal agents and United States Marshals, any sheriffs, constables and their deputies; any regular or ex-officio police officer; any other peace officers; or members of the United States Armed Forces, Colorado National Guard or Reserve Officer Training Corps form having in their possession, displaying, concealing or discharging such weapons as are necessary in the authorized and proper performance of their official duties; or

(b)     Any person authorized to carry a concealed weapon under the Federal Law Enforcement Officers Safety Act."

158.    Ordinance 8245 adds a new section, § 5-8-28, "Assault Weapons," to read as

follows:

"5-8-28. – Assault Weapons.

(a)     Any person who, prior to June 15, 2018, was legally in possession of an assault weapon [sic] large capacity magazine shall have until December 31, 2018 to do any of the following without being subject to prosecution:

(1)     Remove the assault weapon or large capacity magazine from the City of Boulder;

(2)     Render the assault weapon permanently inoperable;

(3)     Surrender the assault weapon or large capacity magazine to the Boulder Police Department for destruction; or

(4)     If eligible, obtain a certificate for the assault weapon as provided in subsection (c).

. . .

(c)     Any person seeking to certify an assault weapon that he or she legally possessed prior to June 15, 2018 must comply with the following requirements:

(1)     Submit to a background check conducted by the appropriate law enforcement agency to confirm that he or she is not prohibited to possess a firearm pursuant to 18 U.S.C. § 922 or C.R.S § 18-12-108;

(2)    Unless the person is currently prohibited by law from possessing a firearm, prior to December 31, 2018 apply for a certificate for the assault weapon from the Boulder Police Department;

(3)    Safely and securely store the assault weapon pursuant to the regulations adopted by the appropriate law enforcement agency;

(4)    Possess the assault weapon only on property owned or immediately controlled by the person, or while on the premises of a licensed gunsmith for the purpose of lawful repair, or while engaged in the legal use of the assault weapon at a duly licensed firing range, or while traveling to or from these locations, provided that the assault weapon is stored unloaded in a locked container during transport. The term "locked container" does not include the utility compartment, glove compartment, or trunk of a motor vehicle; and

(5)    Report the loss or theft of a certified assault weapon to the appropriate law enforcement agency within 48 hours of the time the discovery was made or should have been made.

(d)    If a certified assault weapon is used in the commission of a crime, the owner shall be civilly liable for any damages resulting from that crime.  The liability imposed by this subsection shall not apply if the assault weapon was stolen and the certified owner reported the theft of the firearm to law enforcement within 48 hours of the time the discovery was made or should have been made.

(e)    Certified assault weapons may not be purchased, sold or transferred in the City of Boulder, except for transfer to a licensed gunsmith for the purpose of lawful repair, or transfer to the appropriate law enforcement agency for the purpose of surrendering the assault weapon for destruction.

(f)    Persons acquiring an assault weapon by inheritance, bequest, or succession shall, within 90 days of acquiring title, do one of the following:

(1)    Modify the assault weapon to render it permanently inoperable;

(2)    Surrender the assault weapon to the Boulder Police Department for destruction;

(3)    Transfer the assault weapon to a firearms dealer who is properly licensed under federal, state and local laws; or

(4)    Permanently remove the assault weapon from the City of Boulder.

(g)    The owner of a certified assault weapon may not possess in the City of Boulder any assault weapons purchased after June 15, 2018.

(h)    The city manager shall charge a fee for each certificate sufficient to cover the costs of administering the certificate program.

(i)    The city manager shall issue to qualified applicants two original copies of each certificate issued.  The City of Boulder shall not maintain any records of certificates issued.  The person receiving the certificate shall keep one copy with the weapon certified and the second copy in a secure place to replace the certificate maintained with the weapon."

B.R.C. 1981 § 5-8-25.

159.    Defendant Yates, in public council session on May 15, 2018, referred to the provisions contained in B.R.C. 1981 § 5-8-28(c) as "registration."

160.    Defendant Young, in public council session on May 15, 2018, referred to the provisions contained in B.R.C. 1981 § 5-8-28(c) as "registration."

161.    Defendant Weaver, in public council session on May 15, 2018, referred to the provisions contained in B.R.C. 1981 § 5-8-28(c) as "registration."

162.    Defendant Grano, in public council session on May 15, 2018, repeatedly and consistently referred to the provisions contained in B.R.C. 1981 § 5-8-28(c) as "registration."

163.    Ordinance 8245, by amending the definition of a minor to anyone under twenty-one years of age, affects a number of existing provisions of the Boulder Revised Code.

164.    Ordinance 8245 makes it illegal for any person to provide any firearm to any person under twenty-one years of age.  B.R.C. 1981 § 5-8-12.

165.    Ordinance 8245 makes it illegal for any person under twenty-one years of age to possess a firearm.  B.R.C. 1981 § 5-8-16.

## DECLARATORY JUDGMENT ALLEGATIONS COMMON TO ALL COUNTS

166.    There is an actual and present controversy between the parties.

167.    Plaintiffs contend that Ordinance 8245 and the actions of Defendants: (1) infringe on Plaintiffs' right to keep and bear arms protected by the Second Amendment, as applicable to the States under the Supremacy Clause of the Constitution, the Due Process Clause of the Fourteenth Amendment, and/or the Privileges or Immunities Clause of the Fourteenth amendment; (2) violate Plaintiffs' due process rights, as protected by the Due Process Clauses of the Fifth and Fourteenth Amendments; (3) constitute a taking, for which no compensation has been or is to be paid, in violation of the Takings Clause of the Fifth Amendment; (4) violate the Equal Protection

Clause of the Fourteenth Amendment; (5) violate the First Amendment; (6) infringe on Plaintiffs' right to keep and bear arms, as protected by the Colorado Constitution; (7) infringe on Plaintiffs' inalienable rights, as protected by the Colorado Constitution; (8) violate the Colorado Registration Prohibition statute; (9) are preempted by federal law, pursuant to the Colorado Preemption Statute; and (10) are preempted by state law, pursuant to the Colorado Preemption Statute.

168.   Plaintiffs request a judicial declaration that Boulder City Ordinance 8245 violates Plaintiffs' constitutionally protected rights under the U.S. Constitution and the Colorado Constitution, and violates two Colorado state statutes.

169.   Without such a declaration, Plaintiffs will be forced to choose between not exercising their constitutionally and statutorily protected rights or subjecting themselves to criminal fines and jail time.

**PERMANENT INJUNCTIVE RELIEF ALLEGATIONS COMMON TO ALL COUNTS**

170.   Plaintiffs are currently and will continually be injured by Defendants' enforcement of Boulder City Ordinance 8245 because of the harms stated in paragraph 167.

171.   Plaintiffs are unable to legally purchase, possess, sell, or otherwise transfer the firearms and magazines banned by Ordinance 8245, which are commonly owned by law-abiding citizens for lawful purposes, such as self-defense, and which contribute to the common defense.

172.   Plaintiff Faye is unable to legally purchase, posses, sell, or otherwise transfer any firearm in the City of Boulder.

173.   If enforcement of Ordinance 8245 is not permanently enjoined by this Court, Plaintiffs' constitutionally and statutorily protected rights will continue to be violated by Defendants' enforcement of the Ordinance.

174.   Plaintiffs have no plain, speedy, or adequate remedy at law.

175.    Damages would not fully redress the harms suffered by Plaintiffs at the hands of Defendants.

## COUNT I
## Violation of the Second Amendment – Plaintiff Caldara

176.    Plaintiff Caldara hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

177.    Caldara has a natural right to self-defense and a fundamental right to keep and bear arms.

178.    Caldara's right to self-defense is memorialized in and protected by the Second Amendment.

179.    Caldara's Second Amendment protected rights apply to the State of Colorado under the Supremacy Clause of Article VI, Clause 2, of the U.S. Constitution.

180.    Caldara's Second Amendment protected rights apply to the State of Colorado under the Due Process Clause.

181.    Caldara's Second Amendment protected rights apply to the State of Colorado via the Privileges or Immunities Clause.

182.    Defendants enacted Ordinance 8245 under color of state law.

183.    Ordinance 8245 and the actions of the Defendants infringe upon Caldara's right to self-defense and to keep and bear arms as protected by the clear and unambiguous meaning of the Second Amendment, and thus is unconstitutional.

184.    Caldara has one or more firearms and magazines that are banned by Ordinance 8245.

185.    These firearms and magazines are some of the most widely used self-defense tools by U.S. citizens for the lawful purpose of self-defense, in addition to the defense of his family, home, and property.

186.    Ordinance 8245 and the actions of the Defendants infringe upon Caldara's constitutionally protected right to keep and bear arms according to the Supreme Court's interpretation of the Second Amendment set forth in *Heller* and *McDonald*.

187.    These firearms and magazines are the most widely used self-defense tools by U.S. citizens for the lawful purpose of contributing to the common defense.

188.    Ordinance 8245 and the actions of the Defendants infringe upon Caldara's constitutionally protected right to keep and bear arms according to the Supreme Court's interpretation of the Second Amendment set forth in *Miller*.

## COUNT II
### Violation of the Due Process Clause – Plaintiff Caldara

189.    Plaintiff Caldara hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

190.    Caldara has owned, and continues to own, firearms and magazines that are now banned under Ordinance 8245 and has for an extended period of time.

191.    Ordinance 8245 and the actions of the Defendants deprive Caldara of the lawful possession, use, sale, transfer, or devise of those lawfully acquired and possessed firearms and magazines without any legitimate government objective.

192.    Even if there were a legitimate government objective, that objective cannot outweigh the deprivation of the fundamental right to keep and bear arms and/or the natural right to self-defense, both of which are protected by the Second Amendment.

193.    Ordinance 8245 and the actions of the Defendants retroactively ban property that was lawfully acquired and possessed under federal and state law, which deprives Caldara of his vested property interests in that property without due process of law.

194.    Ordinance 8245 and the actions of Defendants prohibit Caldara from acquiring additional property banned by its terms, which can be lawfully acquired, possessed, used, sold, and transferred under state and federal law, without due process of law.

## COUNT III
## Violation of the Takings Clause – Plaintiff Caldara

195.    Plaintiff Caldara hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

196.    Caldara has owned, and continues to own, firearms and magazines that are now banned under Ordinance 8245 and has for an extended period of time.

197.    Ordinance 8245 and the actions of Defendants now make it a crime for Caldara to possess, use, sell, transfer, or devise that property, which was lawfully acquired and is lawfully possessed.

198.    Ordinance 8245 and the actions of Defendants force Caldara to surrender his lawfully acquired and lawfully owned property, which he would otherwise keep and possess, without any government compensation, which constitutes a *per se* taking.

199.    Ordinance 8245 and the actions of Defendants deprive Caldara of the essential property rights he has in connection with his lawfully acquired and lawfully possessed firearms and magazine that are now banned by the ordinance.

200.    Ordinance 8245 and the actions of Defendants, by depriving Caldara of the right to possess, use, sell, and transfer his lawful property, without any government compensation, constitute a regulatory taking.

201.    Ordinance 8245 and the actions of Defendants deprive Caldara of the right to pass his lawfully acquired and lawfully possessed property to his children.

202.    Ordinance 8245 and the actions of Defendants, by depriving Caldara of the right to devise his lawful property, without any government compensation, constitute a regulatory taking.

**COUNT IV**
**Violation of the First Amendment – Plaintiff Caldara**

203.    Plaintiff Caldara hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

204.    Ordinance 8245 requires Caldara, should he wish to retain his lawfully acquired and lawfully possessed firearms, subject to the ban, to register each such firearm with the City of Boulder Police Department.

205.    Caldara would be required to provide the Boulder Police Department with his personal information, as well as information identifying his lawfully owned, constitutionally-protected firearms (including serial number).

206.    Ordinance 8245 and the actions of Defendants compel Caldara to speak to the Boulder Police Department and provide information about a banned, but currently exempted, firearms.

207.    Ordinance 8245 and the actions of Defendants violate the First Amendment, by forcing Caldara to present personal, constitutionally-protected information to the Boulder Police Department.

## COUNT V
### Violation of the Privileges or Immunities Clause – Plaintiff Caldara

208.     Plaintiff Caldara hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

209.     Caldara has the privilege, by virtue of being a U.S. citizen, of the right to keep and bear arms, as memorialized in and protected by the Second Amendment, and inherent in U.S. citizenship.

210.     As fully demonstrated above in Count I, *supra*, Ordinance 8245 and the actions of Defendants deprive Caldara of his right to keep and bear arms, as protected by the Second Amendment, and as interpreted by the Supreme Court in *Heller*, *McDonald*, and *Miller*.

211.     Ordinance 8245 and actions of Defendants deprive Caldara of a privilege of U.S. Citizenship, in violation of the Privileges or Immunities Clause of the Fourteenth Amendment.

## COUNT VI
### Violation of Article 2, § 13 of the Colorado Constitution – Plaintiff Caldara

212.     Plaintiff Caldara hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

213.     Caldara has a natural right to self-defense and a fundamental right to keep and bear arms.

214.     Caldara's right to self-defense is protected by Article 2, section 13 of the Colorado Constitution.

215.     Ordinance 8245 and the actions of Defendants infringe upon Caldara's right to self-defense and right to keep and bear arms as protected by the Colorado Constitution, and thus are unconstitutional.

216.    Given that the Colorado Constitution was adopted pursuant to the Enabling Act and in compliance with the U.S. Constitution and Bill of Rights, the right to keep and bear arms protected in the Colorado Constitution is the same as that protected by the U.S. Constitution.

217.    The Supreme Court's interpretation of the right, as articulated in *Heller* and *McDonald*, applies to the Colorado Constitution.

218.    As explained in Count I, *supra*, Ordinance 8245 and the actions of Defendants, which ban the purchase, possession, sale, and transfer of some of the most popular firearms and magazines used in America by lawful citizens for the lawful purpose of self-defense, violate Caldara's right to keep and bear arms, as protected by the Colorado Constitution.

219.    The Supreme Court's interpretation of the right to keep and bear arms, as set forth in *Miller*, applies to the Colorado Constitution.

220.    As explained in Count I, *supra*, Ordinance 8245 and the actions of Defendants, which ban the purchase, possession, sale, and transfer of some of the most popular firearms and magazines used in America by lawful citizens for the lawful purpose of contributing to the common defense, violate Caldara's right to keep and bear arms, as protected by the Colorado Constitution.

**COUNT VII**
**Violation of Article 2, § 3 of the Colorado Constitution – Plaintiff Caldara**

221.    Plaintiff Caldara hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

222.    Caldara has a natural right to self-defense, which includes the defense of one's person and property.

223.    Caldara's right to self-defense and the defense of property is identified as an inalienable right in and is protected by Article 2, section 3 of the Colorado Constitution.

224.    The right of self-defense and the right to defend one's property protect Colorado residents' right to use the common tools of the time to effectuate the defense.

225.    Ordinance 8245 and the actions of Defendants ban some of the most common firearms and magazines in America.

226.    Caldara owns one or more banned firearm, which is or are lawfully owned by Caldara for the lawful purposes of self-defense and defense of property.

227.    Caldara owns one or more banned magazines, which is or are lawfully owned by Caldara for the lawful purposes of self-defense and defense of property.

228.    Ordinance 8245 and the actions of Defendants infringe upon Caldara's inalienable right to self-defense as protected by the Colorado Constitution, and thus violate Article 2, section 3 of the Colorado Constitution.

229.    Ordinance 8245 and the actions of Defendants infringe upon Caldara's inalienable right to the defense of his property as protected by the Colorado Constitution, and thus violate Article 2, section 3 of the Colorado Constitution.

**COUNT VIII**
**Violation of the Second Amendment – Plaintiff Boulder Rifle Club**

230.    Plaintiff Boulder Rifle Club hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

231.    The Club asserts a violation of the Second Amendment on behalf of itself and its hundreds of members who reside in Colorado, including within the Boulder city limits, and who are too numerous to conveniently bring this action individually.

232.     The Club's members have natural right to self-defense and a fundamental right to keep and bear arms.

233.     The Club's members' right to self-defense is memorialized in and protected by the Second Amendment.

234.     The Club's members' Second Amendment protected rights apply to the State of Colorado under the Supremacy Clause of Article VI, Clause 2, of the U.S. Constitution.

235.     The Club's members' Second Amendment protected rights apply to the State of Colorado under the Due Process Clause of the Fifth and Fourteenth Amendments.

236.     The Club's members' Second Amendment protected rights apply to the State of Colorado via the Privileges or Immunities Clause of the Fourteenth Amendment.

237.     Defendants enacted Ordinance 8245 under color of state law.

238.     Ordinance 8245 and the actions of Defendants infringe upon the Club's members' right to self-defense and right to keep and bear arms as protected by the clear and unambiguous meaning of the Second Amendment, and thus are unconstitutional.

239.     The Club's members have one or more firearms and magazines that are banned by Ordinance 8245.

240.     These firearms and magazines are some of the most widely used self-defense tools by U.S. citizens for the lawful purpose of self-defense, in addition to the defense of their families, homes, and property.

241.     Ordinance 8245 and the actions of Defendants infringe upon the Club's members' constitutionally protected right to keep and bear arms as articulated by the Supreme Court in *Heller* and *McDonald*.

242.     These firearms and magazines are some of the most widely used self-defense tools by U.S. citizens for the lawful purpose of contributing to the common defense.

243.     Ordinance 8245 and the actions of Defendants infringe upon the Club's members' constitutionally protected right to keep and bear arms as articulated by the Supreme Court in *Miller*.

244.     The Club has been forced to expend resources that would have been dedicated to other Club business in order to address Defendants' violation of the Club's members' rights protected by the Second Amendment.

**COUNT IX**
**Violation of the Due Process Clause – Plaintiff Boulder Rifle Club**

245.     Plaintiff Boulder Rifle Club hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

246.     The Club asserts a violation of the Due Process Clause on behalf of itself and its hundreds of members who reside in Colorado, including within the Boulder city limits, and who are too numerous to conveniently bring this action individually.

247.     The Club's members have owned, and continue to own, firearms and magazines that are now banned under Ordinance 8245.

248.     Ordinance 8245 and the actions of Defendants deprive the Club's members of the lawful possession, use, sale, transfer, or devise of those lawfully acquired and possessed firearms and magazines without any legitimate government objective.

249.     Even if there were a legitimate government objective, that objective cannot outweigh the deprivation of the fundamental right to keep and bear arms and/or the natural right to self-defense, both of which are protected by the Second Amendment.

250.     Ordinance 8245 and the actions of Defendants retroactively ban property that was lawfully acquired and possessed under federal and state law, which deprives the Club's members of their vested property interests in that property without due process of law.

251.     Ordinance 8245 and the actions of Defendant prohibit the Club's members from acquiring additional property banned by its terms, that can be lawfully acquired, possessed, used, sold, and transferred under state and federal law, without due process of law.

252.     The Club has been forced to expend resources that would have been dedicated to other Club business in order to address Defendants' violation of the Club's members' rights as protected by the Due Process Clause.

## COUNT X
### Violation of the Takings Clause – Plaintiff Boulder Rifle Club

253.     Plaintiff Boulder Rifle Club hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

254.     The Club asserts a violation of the Takings Clause on behalf of itself and its hundreds of members who reside in Colorado, including within the Boulder city limits, and who are too numerous to conveniently bring this action individually.

255.     The Club's members have owned, and continue to own, firearms and magazines that are now banned under Ordinance 8245.

256.     Ordinance 8245 and the actions of Defendants now make it a crime for the Club's members to possess, use, sell, transfer, or devise that property, which was lawfully acquired and is lawfully possessed.

257.     Ordinance 8245 and the actions of Defendants force the Club's members to surrender their lawfully acquired and lawfully owned property, which they would otherwise keep and possess, without any government compensation, which constitute a *per se* taking.

258.     Ordinance 8245 and the actions of Defendants deprive the Club's members of the essential property rights they have in connection with their lawfully acquired and lawfully possessed firearms and magazine that are now banned by the ordinance.

259.     Ordinance 8245 and the actions of Defendants, by depriving the Club's members of the right to possess, use, sell, and transfer their lawful property, without any government compensation, constitute a regulatory taking.

260.     Ordinance 8245 and the actions of Defendants deprive the Club's members of the right to pass their lawfully acquired and lawfully possessed property to their family.

261.     Ordinance 8245 and the actions of Defendants, by depriving the Club's members of their right to devise their lawful property, without any government compensation, constitute a regulatory taking.

262.     The Club has been forced to expend resources that would have been dedicated to other Club business in order to address Boulder's violation of the Club's members' rights as protected by the Takings Clause.

## COUNT XI
### Violation of the First Amendment – Plaintiff Boulder Rifle Club

263.     Plaintiff Boulder Rifle Club hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

264.     Ordinance 8245 requires the Club's members, should they wish to retain their lawfully acquired and lawfully possessed firearms, subject to the ban, to register each such firearm with the City of Boulder Police Department.

265.     The Club's members would be required to provide the Boulder Police Department with their personal information, as well as information identifying their lawfully owned, constitutionally-protected firearms (including serial number).

266.     Ordinance 8245 and the actions of Defendants compel the Club's members to speak to the Boulder Police Department and provide information about banned, but currently exempted, firearms.

267.     Ordinance 8245 and the actions of Defendants violate the First Amendment, by forcing the Club's members to present personal, constitutionally-protected information to the Boulder Police Department.

268.     The Club has been forced to expend resources that would have been dedicated to other Club business in order to address Boulder's violation of the Club's members' rights as protected by the First Amendment.

## COUNT XII
### Violation of the Privileges or Immunities Clause – Plaintiff Boulder Rifle Club

269.     Plaintiff Boulder Rifle Club hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

270.     The Club asserts a violation of the Privileges or Immunities Clause on behalf of itself and its hundreds of members who reside in Colorado, including in Boulder city limits, and who are too numerous to conveniently bring this action individually.

271.    The Club's members, by virtue of being U.S. citizens, have the privilege of the right to keep and bear arms, as protected by the Second Amendment, and inherent in U.S. citizenship.

272.    As explained in Count VIII, *supra*, Ordinance 8245 and the actions of Defendants deprive the Club's members of their right to keep and bear arms, as protected by the Second Amendment, and interpreted by the Supreme Court in *Heller*, *McDonald*, and *Miller*.

273.    Ordinance 8245 and the actions of Defendants deprive the Club's members of a privilege of U.S. Citizenship, in violation of the Privileges or Immunities Clause of the Fourteenth Amendment.

274.    The Club has been forced to expend resources that would have been dedicated to other Club business in order to address Boulder's violation of the Club's members' rights as protected by the Privileges or Immunities Clause.

## COUNT XIII
### Violation of Article 2, § 13 of the Colorado Constitution – Plaintiff Boulder Rifle Club

275.    Plaintiff Boulder Rifle Club hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

276.    The Club asserts a violation of Article 2, section 13 of the Colorado Constitution on behalf of itself and its hundreds of members who reside in Colorado, including in Boulder city limits, and who are too numerous to conveniently bring this action individually.

277.    The Club's members have a natural right to self-defense and a fundamental right to keep and bear arms.

278.    The Club's members' right to self-defense is protected by Article 2, section 13 of the Colorado Constitution.

279.     Ordinance 8245 and the actions of Defendants infringe upon the Club's members' right to self-defense and right to keep and bear arms as protected by the Colorado Constitution, and thus are unconstitutional.

280.     Given that the Colorado Constitution was adopted pursuant to the Enabling Act and in compliance with the U.S. Constitution and Bill of Rights, the right to keep and bear arms protected in the Colorado Constitution is the same as that protected by the U.S. Constitution.

281.     The Supreme Court's articulation of the right in *Heller* and *McDonald* applies to the Colorado Constitution.

282.     As explained in Count VIII, *supra*, Ordinance 8245 and the actions of Defendants, which ban the purchase, possession, sale, and transfer of some of the most popular firearms and magazines used in America by lawful citizens for the lawful purpose of self-defense, violate the Club's members' right to keep and bear arms protected by the Colorado Constitution.

283.     The Supreme Court's articulation of the right in *Miller* applies to the Colorado Constitution.

284.     As explained in Count VIII, *supra*, Ordinance 8245 and the actions of Defendants, which ban the purchase, possession, sale, and transfer of some of the most popular firearms and magazines used in America by lawful citizens for the lawful purpose of contributing to the common defense, violate the Club's members' right to keep and bear arms protected by the Colorado Constitution.

285.     The Club has been forced to expend resources that would have been dedicated to other Club business in order to address Boulder's violation of the Club's members' rights as protected by Article 2, section 13 of the Colorado Constitution.

**COUNT XIV**
**Violation of Article 2, § 3 of the Colorado Constitution – Plaintiff Boulder Rifle Club**

286.     Plaintiff Boulder Rifle Club hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

287.     The Club asserts a violation of Article 2, section 13 of the Colorado Constitution on behalf of itself and its hundreds of members who reside in Colorado, including within the Boulder city limits, and who are too numerous to conveniently bring this action individually.

288.     The Club's members have an unalienable, natural, and fundamental right to self-defense, which includes the defense of one's person and property.

289.     The Club's members' right to self-defense and the defense of property is identified as an "inalienable right" and is protected by Article 2, section 3 of the Colorado Constitution.

290.     The right of self-defense and the right to defend one's property protect Colorado residents' right to use the common tools of the time to effectuate the defense.

291.     Ordinance 8245 and the actions of Defendants ban some of the most common firearms and magazines in America.

292.     The Club's members' own one or more banned firearms which are lawfully owned by the members for the lawful purposes of self-defense and defense of property.

293.     The Club's members own one or more banned magazines, which are lawfully owned by the members for the lawful purposes of self-defense and defense of property.

294.     Ordinance 8245 and the actions of Defendants infringe upon the Club's members' "inalienable right" to self-defense as protected by the Colorado Constitution, and thus violate Article 2, section 3 of the Colorado Constitution.

295.    Ordinance 8245 and the actions of Defendants infringe upon the Club's members' "inalienable right" to the defense of their property as protected by the Colorado Constitution, and thus violate Article 2, section 3 of the Colorado Constitution.

296.    The Club has been forced to expend resources that would have been dedicated to other Club business in order to address Boulder's violation of the Club's members' rights as protected by Article 2, section 3 of the Colorado Constitution.

**COUNT XV**
**Violation of the Second Amendment – Plaintiff Bison Tactical**

297.    Plaintiff General Commerce, LLC, d/b/a Bison Tactical, hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

298.    Bison Tactical has the constitutionally protected right to keep and bear arms.

299.    Bison Tactical's right to keep and bear arms is memorialized in and protected by the Second Amendment.

300.    Inherent in that right, is not only the right to possess arms, but also the right to sell arms, which is also protected by the Second Amendment.

301.    Bison Tactical's Second Amendment protected rights apply to the State of Colorado under the Supremacy Clause of Article VI, Clause 2, of the U.S. Constitution.

302.    Bison Tactical's Second Amendment protected rights apply to the State of Colorado under the Due Process Clause of the Fifth and Fourteenth Amendments.

303.    Defendants enacted Ordinance 8245 under color of state law.

304.    Ordinance 8245 and the actions of Defendants infringe upon Bison Tactical's right to keep and bear arms protected by the clear and unambiguous meaning of the Second Amendment and are thus unconstitutional.

305.    Ordinance 8245 and the actions of Defendants infringe upon Bison Tactical's right to sell arms as protected by the clear and unambiguous meaning of the Second Amendment and are thus unconstitutional.

306.    Bison Tactical owns one or more firearms and magazines that are banned by Ordinance 8245 for the express purpose of resale.

307.    These firearms are some of the most widely used self-defense tools by U.S. citizens for the lawful purpose of self-defense, as well as defense of family, home, and property.

308.    Ordinance 8245 and the actions of Defendants infringe upon Bison Tactical's constitutionally protected right to keep arms for the purpose of resale as articulated by the Supreme Court's interpretation in *Heller* and *McDonald*.

309.    The banned firearms are some of the most widely used self-defense tools by U.S. citizens for the lawful purpose of contributing to the common defense.

310.    Ordinance 8245 and the actions of Defendants infringe upon Bison Tactical's constitutionally protected right to keep arms for the purpose of resale as articulated by the Supreme Court's in *Miller*.

## COUNT XVI
### Violation of the Due Process Clause – Plaintiff Bison Tactical

311.    Plaintiff Bison Tactical hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

312.    Bison Tactical has owned, and continues to own, firearms and magazines that are banned under Ordinance 8245.

313.     Ordinance 8245 and the actions of Defendants deprive Bison Tactical of its ability to conduct the lawful sale or transfer of those lawfully acquired and possessed firearms and magazines, without any legitimate government objective.

314.     Even if there were a legitimate government objective, that objective cannot outweigh the deprivation of the fundamental right to keep and bear arms and the natural right to self-defense, both of which are protected by the Second Amendment.

315.     Ordinance 8245 and the actions of Defendants retroactively ban property that was lawfully acquired and possessed under both federal and state law and deprive Bison Tactical of its vested property interests in that property without due process of law.

316.     Since this property has been banned, Bison Tactical cannot sell property that was lawfully acquired for the purpose of resale to customers, and thus has and continues to suffer an economic loss to its business.

317.     Ordinance 8245 and the actions of Defendants prohibit Bison Tactical from acquiring additional property banned by its terms, that can be lawfully acquired, possessed, used, sold, and transferred under state and federal law, without due process of law.

318.     Since this property is banned, Bison Tactical cannot acquire additional property to then resell to its customers, and thus has and continues to suffer an economic loss to its business.

## COUNT XVII
### Violation of the Takings Clause – Plaintiff Bison Tactical

319.     Plaintiff Bison Tactical hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

320.     Bison Tactical has owned, and continues to own, one or more firearms and magazines that are banned under Ordinance 8245.

321.   Ordinance 8245 and the actions of Defendants now make it a crime for Bison Tactical to sell or transfer that property, which was lawfully acquired and is otherwise lawfully possessed.

322.   Ordinance 8245 and the actions of Defendants force Bison Tactical to surrender, without any government compensation, its lawfully acquired and lawfully owned property, which it would otherwise sell or transfer, constituting a *per se* taking.

323.   Ordinance 8245 and the actions of Defendants deprive Bison Tactical of the essential property rights it has in connection with its lawfully acquired and lawfully possessed firearms and magazines that are now banned by the ordinance.

324.   Ordinance 8245 and the actions of Defendants, by depriving Bison Tactical of the right to sell or transfer its lawful property, without any government compensation, constitute a regulatory taking.

## COUNT XVIII
### Violation of Article 2, § 13 of the Colorado Constitution – Plaintiff Bison Tactical

325.   Plaintiff Bison Tactical hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

326.   A necessary extension of the right to keep and bear arms protected by the Colorado Constitution is the right of Colorado residents to purchase arms and the right of Colorado businesses to sell arms.

327.   Bison Tactical has the right to sell arms as protected by Article 2, section 13 of the Colorado Constitution

328.   Ordinance 8245 and the actions of Defendants infringe upon Bison Tactical's right to keep and bear arms and right to sell arms as protected by the Colorado Constitution, and are thus unconstitutional.

329.   Given that the Colorado Constitution was adopted pursuant to the Enabling Act and in compliance with the U.S. Constitution and Bill of Rights, the right to keep and bear arms protected in the Colorado Constitution is the same as that protected by the U.S. Constitution.

330.   The Supreme Court's articulation of the right in *Heller* and *McDonald* applies to the Colorado Constitution.

331.   As explained in Count XV, *supra*, Ordinance 8245 and the actions of Defendants, which ban the sale and transfer of some of the most popular firearms and magazines used in America by lawful citizens for the lawful purpose of self-defense, violate Bison Tactical's right to keep and bear arms and right to sell arms protected by the Colorado Constitution.

332.   The Supreme Court's articulation of the right in *Miller* applies to the Colorado Constitution.

333.   As explained in Count XV, *supra*, Ordinance 8245 and the actions of Defendants, which ban the sale and transfer of some of the most popular firearms and magazines used in America by lawful citizens for the lawful purpose of contributing to the common defense, violate Bison Tactical's right to keep and bear arms and right to sell arms, as protected by the Colorado Constitution.

## COUNT XIX
### Violation of Article 2, § 3 of the Colorado Constitution – Plaintiff Bison Tactical

334.   Plaintiff Bison Tactical hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

335.    A necessary extension of the inalienable right to self-defense and right to defense of property protected by the Colorado Constitution, is the right of Colorado residents to purchase arms and the right of Colorado businesses to sell arms to effectuate that defense.

336.    Bison Tactical's right to sell arms is protected by Article 2, section 3 of the Colorado Constitution.

337.    The right of self-defense and the right to defend one's property protect Colorado residents' right to use the common tools of the time to effectuate the defense.

338.    Ordinance 8245 and the actions of Defendants ban the sale of some of the most common firearms and magazines in America.

339.    Bison Tactical owns one or more banned firearms, which is or are lawfully owned by Bison Tactical for the lawful purpose of resale.

340.    The ability of one citizen to sell arms is an integral and inextricable part of another citizen's ability to acquire, keep and bear arms.

341.    The ability of Bison Tactical to sell arms to Colorado residents is an integral and inextricable part of Colorado citizens ability to exercise their inalienable right to self-defense and defense of property.

342.    Bison Tactical owns one or more banned magazines, which is or are lawfully owned by Bison Tactical for the lawful purpose of resale, so that a Colorado Resident may exercise their inalienable right to self-defense and defense of property.

343.    Ordinance 8245 and the actions of Defendants infringe upon Bison Tactical's right to sell firearms, inherent in the inalienable right to self-defense as protected by the Colorado Constitution, and thus violate Article 2, section 3 of the Colorado Constitution.

344.   Ordinance 8245 and the actions of Defendants infringe upon Bison Tactical's right to sell firearms, inherent in the inalienable right to the defense of property as protected by the Colorado Constitution, and thus violate Article 2, section 3 of the Colorado Constitution.

## COUNT XX
### Violation of the Second Amendment – Plaintiff Faye

345.   Plaintiff Faye hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

346.   Faye has a natural right to self-defense and a fundamental right to keep and bear arms.

347.   Faye's right to self-defense is memorialized in and protected by the Second Amendment.

348.   Faye's Second Amendment protected rights apply to the State of Colorado under the Supremacy Clause of Article VI, Clause 2, of the U.S. Constitution.

349.   Faye's Second Amendment protected rights apply to the State of Colorado under the Due Process Clause of the Fifth and Fourteenth Amendments.

350.   Faye's Second Amendment protected rights apply to the State of Colorado via the Privileges or Immunities Clause of the Fourteenth Amendment.

351.   Defendants' enacted Ordinance 8245 under color of state law.

352.   Faye, by virtue of being twenty (20) years old, is prohibited from possessing any firearm within the City of Boulder due to Ordinance 8245 and the actions of Defendants.

353.   Ordinance 8245 and the actions of Defendants infringe upon Faye's right to self-defense and to keep and bear arms as protected by the clear and unambiguous meaning of the Second Amendment and are thus unconstitutional.

354.    In addition, Faye has one or more firearms and magazines that is or are banned by Ordinance 8245.

355.    The banned firearms and magazines are some of the most widely used self-defense tools by U.S. citizens for the lawful purpose of self-defense, in addition to the defense of his family, home, and property.

356.    Ordinance 8245 and the actions of Defendants infringe upon Faye's constitutionally protected right to keep and bear arms as articulated by the Supreme Court in *Heller* and *McDonald*.

357.    The banned firearms and magazines are some of the most widely used self-defense tools by U.S. citizens for the lawful purpose of contributing to the common defense.

358.    Ordinance 8245 and the actions of Defendants infringe upon Faye's constitutionally protected right to keep and bear arms as articulated by the Supreme Court in *Miller*.

## COUNT XXI
### Violation of the Due Process Clause – Plaintiff Faye

359.    Plaintiff Faye hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

360.    Faye has owned, and continues to own, one or more firearms and magazines that are now banned under Ordinance 8245.

361.    Ordinance 8245 and the actions of Defendants deprive Faye of the lawful possession, use, sale, transfer, or devise of those lawfully acquired and possessed firearms and magazines without any legitimate government objective.

362.    Even if there were a legitimate government objective, that objective cannot outweigh the deprivation of the fundamental right to keep and bear arms and/or the natural right to self-defense, both of which are protected by the Second Amendment.

363.    Ordinance 8245 and the actions of Defendants retroactively ban property that was lawfully acquired and possessed under federal and state law, which deprives Faye of his vested property interests in that property without due process of law.

364.    Ordinance 8245 and the actions of Defendants prohibit Faye from acquiring additional property banned by its terms, that can be lawfully acquired, possessed, used, sold, and transferred under state and federal law, without due process of law.

365.    Ordinance 8245 and the actions of Defendants deprives Faye of the lawful possession of all firearms, due to his age, without any legitimate government objective.

366.    Even if there were a legitimate government objective, that objective cannot outweigh the deprivation of Faye's fundamental right to keep and bear arms and natural right to self-defense as a result of his age.

367.    Ordinance 8245 and the actions of Defendants retroactively ban property that was lawfully acquired and possessed under both federal and state law, which deprives Faye of his vested property interests in that property without due process of law.

368.    Ordinance 8245 and the actions of Defendants prohibit Faye from acquiring additional firearms, due to his age, that can be lawfully acquired, possessed, used, sold, and transferred by him under state and federal law, without due process of law.

### COUNT XXII
### Violation of the Takings Clause – Plaintiff Faye

369.    Plaintiff Faye hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

370.    Faye has owned, and continues to own, one or more firearms and magazines that are now banned under Ordinance 8245.

371.    Faye has owned, and continues to own, one or more firearms that he is now prohibited from possessing under Ordinance 8245 due to his age.

372.    Ordinance 8245 and the actions of Defendants now make it a crime for Faye to possess, use, sell, transfer, or devise that property, which was lawfully acquired and is lawfully possessed.

373.    Ordinance 8245 and the actions of Defendants force Faye to surrender his lawfully acquired and lawfully owned property, which he would otherwise keep and possess, without any government compensation, which constitute a *per se* taking.

374.    Ordinance 8245 and the actions deprive Faye of the essential property rights he has in connection with his lawfully acquired and lawfully possessed firearms and magazines that are now banned by the ordinance.

375.    Ordinance 8245 and the actions of Defendants, by depriving Faye of the right to possess, use, sell, and transfer his lawful property, without any government compensation, constitute a regulatory taking.

## COUNT XXIII
### Violation of the Privileges or Immunities Clause – Plaintiff Faye

376.    Plaintiff Faye hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

377.    Faye has the privilege, by virtue of being a U.S. citizen, of the right to keep and bear arms protected by the Second Amendment, and inherent in U.S. citizenship.

378.    As explained in Count XX, *supra*, Ordinance 8245 and the actions of Defendants deprive Faye of his right to keep and bear arms, as protected by the Second Amendment, and articulated by the Supreme Court in *Heller*, *McDonald*, and *Miller*.

379.    Ordinance 8245 and the actions of Defendants deprive Faye of a privilege of U.S. Citizenship, in violation of the Privileges or Immunities Clause of the Fourteenth Amendment.

## COUNT XXIV

### Violation of the Equal Protection Clause – Plaintiff Faye

380.    Plaintiff Faye hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

381.    Ordinance 8245 redefines the meaning of a minor, with respect to "Chapter 8 – Weapons," of the Boulder Revised Code to include adults aged eighteen (18) to twenty (20).

382.    Ordinance 8245 treats one group of adults differently than another.

383.    Ordinance 8245 explicitly discriminates against eighteen- to twenty-year-old firearm owners, like Faye.

384.    Faye can legally purchase and possess a firearm under federal law.

385.    Faye can legally purchase and possess a firearm under Colorado state law.

386.    Faye can no longer legally purchase or possess a firearm in the City of Boulder.

387.    Ordinance 8245 and the actions of Defendants explicitly discriminate based upon a Faye's age.

388.    Ordinance 8245 and the actions of Defendants violate the Equal Protection Clause of the Fourteenth Amendment because the classification interferes with a fundamental right.

389.    Ordinance 8245 and the actions of Defendants violate the Equal Protection Clause of the Fourteenth Amendment because the classification arbitrarily discriminates based on age.

390.    The minimum age to vote in a Boulder municipal election is eighteen (18) years old.

391.    Ordinance 8245 and the actions of Defendants discriminate not only based upon age, but also upon which fundamental right an adult chooses to exercise.

392.    Faye, by exercising his constitutional right to keep and bear arms, is treated differently under the law than another person who chooses to exercise their fundamental right to vote.

393.    Ordinance 8245 and the actions of Defendants violate the Equal Protection Clause of the Fourteenth Amendment.

### COUNT XXV
### Violation of Article 2, § 13 of the Colorado Constitution – Plaintiff Faye

394.    Plaintiff Faye hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

395.    Faye has a natural right to self-defense and a fundamental right to keep and bear arms.

396.    Faye's right to self-defense is protected by Article 2, section 13 of the Colorado Constitution.

397.    Ordinance 8245 and the actions of Defendants infringe upon Faye's right to self-defense and to keep and bear arms protected by the Colorado Constitution, and are thus unconstitutional.

398.    Given that the Colorado Constitution was adopted pursuant to the Enabling Act and in compliance with the U.S. Constitution and Bill of Rights, the right to keep and bear arms protected in the Colorado Constitution is the same as that protected by the U.S. Constitution.

399.    The Supreme Court's articulation of the right, as contained in *Heller* and *McDonald*, applies to the Colorado Constitution.

400.    As explained in Count XX, *supra*, Ordinance 8245 and the actions of Defendants, which ban the purchase, possession, sale, and transfer of some of the most popular firearms and magazines used in America by lawful citizens for the lawful purpose of self-defense, violate Faye's right to keep and bear arms protected by the Colorado Constitution.

401.    The Supreme Court's articulation of the right in *Miller* applies to the Colorado Constitution.

402.    As explained in Count XX, *supra*, Ordinance 8245 and the actions of Defendants, which ban the purchase, possession, sale, and transfer of some of the most popular firearms and magazines used in America by lawful citizens for the lawful purpose of contributing to the common defense, violate Faye's right to keep and bear arms, as protected by the Colorado Constitution.

## COUNT XXVI
### Violation of Article 2, § 3 of the Colorado Constitution – Plaintiff Faye

403.    Plaintiff Faye hereby restates and realleges each and every one of the foregoing paragraphs, as if fully set forth herein.

404.    Faye has an unalienable, natural, and fundamental right to self-defense, which includes the defense of one's person and property.

405.    Faye's right to self-defense and the defense of property is identified as an "inalienable right" and is protected by Article 2, section 3 of the Colorado Constitution.

406.    The right of self-defense and the right to defend one's property protects Colorado residents' right to use the common tools of the time to effectuate the defense.

407.     Ordinance 8245 and the actions of Defendants prohibit Faye from possessing any firearm, because he is twenty (20) years old, in violation of Article 2, section 3 of the Colorado Constitution

408.     Ordinance 8245 and the actions of Defendants ban the most common firearms and magazines in America.

409.     Faye owns one or more banned firearms, which is or are lawfully owned by Faye for the lawful purposes of self-defense and defense of property.

410.     Faye owns one or more banned magazine, which is or are lawfully owned by Faye for the lawful purposes of self-defense and defense of property.

411.     Ordinance 8245 and the actions of Defendants infringe upon Faye's "inalienable right" to self-defense as protected by the Colorado Constitution, and thus violate Article 2, section 3 of the Colorado Constitution.

412.     Ordinance 8245 and the actions of Defendants infringe upon Faye's "inalienable right" to the defense of his property as protected by the Colorado Constitution, and thus violate Article 2, section 3 of the Colorado Constitution.

## COUNT XXVII
### Violation of C.R.S. § 29-11.7-102 – Declaratory Judgment

413.     Plaintiffs hereby restate and reallege each and every one of the foregoing paragraphs, as if fully set forth herein.

414.     C.R.S. § 29.11.7-102 is clear and unambiguous.

415.     The Colorado Registration Prohibition prohibits a municipality or law enforcement agency from maintaining any list or form of record that could be used to identify firearms in the possession of Colorado citizens.

416.     Ordinance 8245 and the actions of Defendants set forth a system of registration that will, based on information and belief. require the Boulder City Police to retain some record of the firearm owner and the firearm being registered.

417.     The Boulder City Police will be required to issue and keep a receipt of the fee charged to register a firearm, which constitutes a record.

418.     Two or more of such records constitute a list.

419.     The Boulder City Police will be required to keep personal information in conjunction with the background check run on individuals registering firearms, which constitutes a record.

420.     Two or more of such records constitutes a list.

421.     Given the structure of the registration provision set forth in Ordinance 8245, the Ordinance and the actions of the Defendants, as a matter of law, violate C.R.S. § 29-11.7-102.

## COUNT XXVIII
### Violation of C.R.S. § 29-11.7-103 – Declaratory Judgment

422.     Plaintiffs hereby restate and reallege each and every one of the foregoing paragraphs, as if fully set forth herein.

423.     C.R.S. § 29.11.7-103 is clear and unambiguous.

424.     The Colorado Preemption Statute prohibits a municipality from enacting any ordinance that prohibits the sale, purchase, or possession of a lawfully sold, purchased, or possessed firearm under either state or federal law.

425.     The semi-automatic, centerfire rifles with the features identified in Ordinance 8245 can be lawfully sold, purchased, and/or possessed under federal law.

426.    The semi-automatic, centerfire pistols with the features identified in Ordinance 8245 can be lawfully sold, purchased, and/or possessed under federal law.

427.    The semi-automatic shotguns with the features identified in Ordinance 8245 can be lawfully sold, purchased, and/or possessed under federal law.

428.    The magazines prohibited by Ordinance 8245 in the City of Boulder can be lawfully sold, purchased, and/or possessed under federal law.

429.    As a matter of law, Ordinance 8245 and the actions of Defendants violate C.R.S. § 29-11.7-103 given that the Ordinance bans the sale, purchase, and/or possession of firearms and firearm components that are lawful under federal law.

430.    The semi-automatic, centerfire rifles with the features identified in Ordinance 8245 can be lawfully sold, purchased, or possessed under Colorado state law.

431.    The semi-automatic, centerfire pistols with the features identified in Ordinance 8245 can be lawfully sold, purchased, and/or possessed under Colorado state law.

432.    The semi-automatic shotguns with the features identified in Ordinance 8245 can be lawfully sold, purchased, and/or possessed under Colorado state law.

433.    The magazines prohibited by Ordinance 8245 in the City of Boulder can be lawfully sold, purchased, and/or possessed Colorado state law.

434.    As a matter of law, Ordinance 8245 and the actions of Defendants violate C.R.S. § 29-11.7-103, given that the Ordinance bans the sale, purchase, and/or possession of firearms and firearm components that are lawful under Colorado state law.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this action as ensured by the Seventh Amendment on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, respectively, respectfully pray that this Court:

1.      Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the individual amendments to the Boulder Revised Code contained in Boulder City Ordinance 8245 are unconstitutional under both the U.S. Constitution and the Colorado Constitution;

2.      Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the individual amendments to the Boulder Revised Code contained in Boulder City Ordinance 8245 violate C.R.S. § 29-11.7-102 and 103;

3.      Issue an injunction permanently enjoining Defendants, their officers, agents, and employees from enforcing any provisions of Ordinance 8245 as to the purchase, possession, sale, and/or transfer of any firearm or magazine identified in Ordinance 8245;

4.      Issue an injunction permanently enjoining Defendants, their officers, agents, and employees from enforcing any provision of Ordinance 8245 as to the registration and/or certification of any firearm identified in Ordinance 8245;

5.      Issue an injunction permanently enjoining Defendants, their officers, agents, and employees from enforcing any provision of Ordinance 8245 prohibiting the purchase, possession, sale, and/or transfer of any firearm by any individual between eighteen and twenty years old;

6.      Award Plaintiffs any and all compensatory damages to which they are entitled;

7.      Award Plaintiffs any and all remedies available to them pursuant to 42 U.S.C. § 1983, and all of their reasonable costs, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988, or in accordance with any other applicable law; and

8.      Award Plaintiffs such other relief as is just and equitable.

DATED this 16th day of May 2018.

Respectfully Submitted,

*/s/ Cody J. Wisniewski*
Cody J. Wisniewski
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, Colorado  80227
Phone: (303) 292-2021
Facsimile: (303) 292-1980
cody@mountainstateslegal.com

Sean P. Smith
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, Colorado  80227
Phone: (303) 292-2021
Facsimile: (303) 292-1980
ssmith@mountainstateslegal.com

Attorneys for Plaintiffs Jon Caldara; Boulder Rifle Club, Inc.; General Commerce, LLC, d/b/a Bison Tactical; and Tyler Faye